**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0461n.06

No. 08-3870

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 01, 2009**
LEONARD GREEN, Clerk

BRENDA JUDITH LEMUS-LEMUS,    )
                              )
        Petitioner,           )        ON  PETITION  FOR  REVIEW
                              )        FROM   THE   BOARD   OF
    v.                        )        IMMIGRATION APPEALS
                              )
ERIC H. HOLDER, JR., Attorney General,  )
                              )
        Respondent.           )
                              )

BEFORE:  SILER, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM.

Petitioner Brenda Lemus-Lemus is a native and citizen of El Salvador who entered the United States on or about January 10, 2003, without inspection by an immigration officer. The Immigration and Naturalization Service (now the Department of Homeland Security ("DHS")) initiated removal proceedings against petitioner during which she was represented by counsel. On April 16, 2004, petitioner accepted voluntary departure within 120 days and waived her right to appeal. In November 2007, DHS issued petitioner a notice to report to the Detroit DHS office.

On March 28, 2008 – nearly five months after receiving the notice to report and nearly four years after agreeing to voluntary departure – petitioner moved to reopen her proceedings, alleging that her former counsel provided ineffective assistance. It is undisputed that petitioner's motion to reopen was filed beyond the 90-day deadline and, despite her claim for equitable tolling, the

immigration judge ("IJ") denied the motion as untimely, and the Board of Immigration Appeals

("BIA") affirmed.

Lemus-Lemus petitions this court for review, arguing that the BIA abused its discretion in

refusing to equitably toll the deadline for filing her motion to reopen.[1]  We disagree and deny the

petition for review.

In general, a party must file a motion to reopen within ninety days of the IJ's final order.

8 C.F.R. § 1003.23(b)(1).  Accordingly, in the absence of equitable tolling, petitioner's motion was

untimely by nearly four years.  We review the BIA's denial of a motion to reopen for an abuse of

discretion.  *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006).

Petitioner notes that in some cases our court has applied the doctrine of equitable tolling to

motions to reopen that were filed outside the limitations period.  *See Barry v. Mukasey*, 524 F.3d

721, 724 (6th Cir. 2008).  However, we have not applied the doctrine in the absence of a showing

of due diligence.  "Due diligence requires an alien to prove that the delay in filing the motion to

reopen was due to 'an exceptional circumstance beyond [her] control.'" *Tapia-Martinez v. Gonzales*,

482 F.3d 417, 423 (6th Cir. 2007) (quoting *Scorteanu v. INS*, 339 F.3d 407, 414 (6th Cir. 2003)).

In the present case, the IJ rejected petitioner's claim that she did not know she was required

to leave the country:

> Respondent's [now petitioner] statements of lack of knowledge of the requirements
> of voluntary departure are belied by the evidence of record.  The record establishes
> that respondent was advised of the necessity of departing the United States within the

---

[1]This court previously denied petitioner's motion for a stay of removal pending appeal.

time period set by the Court and of the consequences of her failure to do so in the Spanish language. Respondent clearly knew of the requirement to depart. [2]

Petitioner responds that she was deceived by her former counsel's false representation that she was pursuing further relief. Lemus-Lemus argues that due "to the complexity of U.S. immigration laws and former counsel's deceptive act," she did not discover her former attorney's error until after a notice to report to the Detroit DHS office was issued in November of 2007. She cites *Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006), as authority for the proposition that a petitioner exercising due diligence might not immediately discover her attorney's failure to meet a filing deadline. However, there is a significant distinction between the due diligence required to immediately notice an attorney's failure to meet a deadline, as in *Zhao*, and petitioner's failure to do anything in the present case over the course of nearly four years. Here, the IJ ruled that "the instant delay of four years coupled with [Lemus-Lemus's] actual knowledge of her obligation to depart" did not warrant equitable tolling. In *Barry*, consistent with this ruling, we rejected a one-year delay where the petitioner's "lack of diligence is reflected in her untimely actions: she did not inquire about her immigration status for approximately *one year* despite having actual knowledge that the BIA dismissed her case." *Barry*, 524 F.3d at 725 (emphasis added). Lemus-Lemus has shown even

---

[2]Petitioner's brief identifies a third issue for review, asking whether it was proper for the IJ to base her findings on a "pre-printed boilerplate form." It is not necessary to analyze this argument in detail. The IJ's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Petitioner has the burden of showing that the IJ's findings were erroneous, and her only argument is that it is somehow insufficient to base findings on boilerplate language. However, in the absence of evidence compelling an opposite conclusion, we must accept the IJ's findings of fact, even if they are transmitted on "boilerplate" forms.

less diligence than in *Barry*, waiting nearly *four years* without inquiring into the status of her proceedings after she accepted voluntary departure. This unexcused delay is strong evidence regarding her lack of due diligence, which convinces us that the BIA did not abuse its discretion in denying her motion to reopen.

Moreover, even if we were to toll the deadline for reopening until November 2007, when Lemus-Lemus claims she became aware that her attorney had not sought further relief, petitioner has not proffered any extraordinary circumstances to justify waiting an additional five months before filing her motion to reopen. Petitioner argues that she was diligent and states that she spent the five months between receiving a notice to appear and filing a motion to reopen consulting "with numerous attorneys" and filing a grievance with the state bar. However, in *Barry*, we rejected a petitioner's request for equitable tolling because the petitioner waited over three months after discovering the alleged ineffective assistance. There, we held that petitioner's "delinquency in filing over three months after she allegedly 'learned' of the need to file a motion to reopen further undercuts her claim of diligence." *Id*. In the present case, we hold that under these circumstances, Lemus-Lemus has not sustained her burden of demonstrating that the BIA abused its discretion.

Finally, Lemus-Lemus argues that her former counsel provided ineffective assistance by depriving her of her right to apply for asylum. Neither the IJ nor the BIA analyzed the merits of this claim; instead, both rejected this claim again as time-barred. We agree. Petitioner did not raise this claim within the 90-day time period for filing motions to reopen, and, for the reasons stated above,

she cannot demonstrate that the BIA abused its discretion in refusing to apply the doctrine of

equitable tolling.

For these reasons, we deny the petition for review.