**Wen Zheng ZHENG, Petitioner**

v.

**ATTORNEY GENERAL OF THE UNITED STATES.**

No. 07–1126.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 16, 2009.

Opinion filed: Dec. 29, 2009.

---

Wen Zheng Zheng, Flushing, NY, pro se.

Richard M. Evans, Marion E. Guyton, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Wen Zheng Zheng petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. For the reasons that follow, we will deny his petition for review.

### I.

Zheng, a native and citizen of China, entered the United States in the early 1990's. He was placed into removal proceedings, and thereafter sought asylum, withholding of removal, and relief under the Convention Against Torture, all of which were denied by the immigration judge ("IJ") on January 26, 2005. The Board of Immigration Appeals issued a final order of removal on December 13, 2005. It does not appear that petitioner filed a petition for review at that time.

On December 27, 2005, petitioner's ex-wife, Ms. Lu, from whom he was divorced in 1999, was granted asylum. Petitioner alleges that he became aware of the grant of asylum to his ex-wife in late February 2006. He then visited his former attorney on March 9, 2006, at which time he was informed that he could file a motion to reopen within 90 days of the BIA's final order of removal; in his case, on or before March 13, 2006. On Monday, March 13, petitioner met with his ex-wife's attorney, who reportedly informed him that his ex-wife's asylum claim had nothing to do with his case and that, in any event, it was too late to prepare and file a motion to reopen. On March 15, 2006, petitioner retained present counsel, who prepared and filed a motion to reopen on his behalf. The motion was filed on June 13, 2006,[1] and requested that the BIA reopen petitioner's removal proceedings pursuant to 8 C.F.R. § 1003.2(c)(3)(iii).[2] Petitioner further claimed that the 90–day limitation period should be equitably tolled, as the failure to meet the deadline was due to circumstances out of his control and he exercised due diligence to promptly file the motion.

On December 19, 2006, the BIA issued an order holding that the motion to reopen was untimely, see 8 C.F.R. § 1003.2(c)(2), that petitioner failed to demonstrate that a regulatory exception to the time bar applied, see 8 C.F.R. § 1003.2(c)(3), and that he failed to make a case for the application of equitable tolling, citing *Iavorski v. INS*, 232 F.3d 124, 129–35 (2d Cir.2000). "J.A. 70." Furthermore, the BIA declined to consider his motion to reopen *sua sponte*. See 8 C.F.R. § 1003.2(a). Accordingly, the BIA denied petitioner's motion to reopen. Through counsel, Zheng timely filed a petition for review.

### II.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252.

---

1. While it does not make any difference to the outcome in this case, the motion was dated May 10, 2006. It is not clear what transpired in the interim.

2. 8 C.F.R. § 1003.2(c)(3)(iii) provides that the 90–day time limit shall not apply to a motion to reopen that is "[a]greed to by all parties and jointly filed." While petitioner did request that the Government join the motion, the Government declined to do so.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Liu v. Attorney General,* 555 F.3d 145, 148 (3d Cir.2009). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002) (internal quotations omitted).

## III.

Zheng's motion to reopen was clearly untimely. *See* 8 C.F.R. § 1003.2(c)(2). While he appears to concede this, he argues that the BIA abused its discretion in refusing to equitably toll the filing deadline. He maintains that the filing deadline may be equitably tolled when a party has exercised due diligence and the circumstances preventing the party from timely filing were beyond his control. The Government responds that the BIA acted well within its discretion as Zheng failed to provide any material evidence in support of equitable tolling and never alleged that he was prevented from filing a timely motion to reopen due to fraud.

Most U.S. Courts of Appeals, including this one, have recognized the availability of equitable tolling in immigration proceedings under certain limited circumstances. *See, e.g., Fustaguio Do Nascimento v. Mukasey,* 549 F.3d 12, 18 (1st Cir.2008) (time period may be extended "in exceptional circumstances"); *Barry v. Mukasey,* 524 F.3d 721, 724 (6th Cir.2008) ("[D]elay in filing the motion to reopen [must be] due to an exceptional circumstance beyond his control.") (internal quotations omitted); *Borges v. Gonzales,* 402 F.3d 398, 406 (3d Cir.2005) (applying the " 'old chancery rule' " for equitable tolling on the basis of fraud); *Singh v. Ashcroft,* 367 F.3d 1182, 1185–86 (9th Cir.2004) (recognizing application of "equitable tolling of deadlines ... during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error") (internal quotations omitted); *Jobe v. INS,* 238 F.3d 96, 100 (1st Cir.2001) ("[E]quitable tolling 'is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands' ") (quoting *Salois v. Dime Savings Bank,* 128 F.3d 20, 25 (1st Cir.1997)); *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000) ("In a situation where fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation."). Even assuming that Zheng acted with the requisite diligence in pursuing his motion to reopen, he still must demonstrate that some external force prevented him from timely filing his motion. Based on the evidence in the record, we cannot conclude that the BIA abused its discretion in concluding that Zheng failed to meet this standard.

The remainder of Zheng's arguments are directed to the underlying merits of his case. Because we defer to the BIA's determination that Zheng's motion to reopen was not timely filed, we have no occasion to reach these arguments at the present time.

Based on the foregoing, we deny the petition for review.