**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0113n.06
Filed: February 11, 2009

**No. 07-4242**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| NIGEL PETER CARROLL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM |
| | ) | A FINAL ORDER OF THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., United States Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: RYAN, SILER, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Nigel Carroll petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his motion to reconsider. For the following reasons, we DENY the petition.

**BACKGROUND**

Carroll, a British national, moved to the United States in 1968. In 1996, he was convicted of forgery and receiving stolen property in violation of OHIO REV. CODE §§ 2913.31(A) and 2913.51(A). In 1998, he was convicted of theft in violation of OHIO REV. CODE § 2913.02. In 1998, Immigration & Customs Enforcement ("ICE") issued a Notice to Appear to Carroll, alleging that he was subject to deportation pursuant to Section 237(a)(2)(A)(ii), Immigration & Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude.

In 2000, Carroll hired an attorney to represent him in the removal proceedings. Carroll's attorney began work on the case, but in 2001 she closed her private practice and joined the Cuyahoga County Public Defender's Office in Ohio. She claims that she notified all her clients to find new counsel, but did not receive a response from Carroll. In 2002, Carroll "lost contact" with his attorney and attempted to contact her through a series of phone calls to her previous telephone number over the next year, but was unsuccessful in his attempts. A June 2003 letter from Carroll to his attorney was returned as "undeliverable."

Thereafter, Carroll claims that he "assumed the matter was settled" and did not attempt to hire another attorney or inquire into the status of his case. Consequently, he missed several hearings concerning his removal proceedings. In 2004, when he failed to attend a scheduled video teleconference hearing, the IJ deemed Carroll's case abandoned and entered an *in absentia* removal order.

In 2006, Carroll was arrested and detained by immigration authorities. After his arrest, he hired new counsel, James Chin, to represent him. On July 25, 2006 Chin made a motion to reopen Carroll's removal proceedings and rescind the *in absentia* removal order.

The IJ denied Carroll's motion to reopen the proceedings. On appeal, the BIA remanded the case to permit the IJ to further consider the motion to reopen the removal proceedings and address the reasons for his decision.

In March 2007, the IJ revisited the case and denied Carroll's motion to reopen. The IJ denied Carroll's motion to reconsider in May 2007. On June 15, 2007, Chin discovered that the supplemental memorandum and attached exhibits that he filed on August 18, 2006 with the motion

to reopen removal proceedings were not in the IJ's file. In August 2007, Chin filed an appellate brief with the BIA, arguing that the decisions of the IJ in October 2006 and March 2007 and May 2007 were not based on the complete record of the case because the record did not contain the supplemental memorandum.

The BIA held that the IJ's failure to review the supplemental memorandum of law and exhibits was harmless error and affirmed the denial of Carroll's motion to reconsider the motion to reopen on the basis that he failed to exercise due diligence in pursuing his rights.

## STANDARD OF REVIEW

A decision to deny a motion for reconsideration is reviewed for abuse of discretion. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). This court reviews "the BIA's denial of a motion to reopen under an abuse-of-discretion standard." *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (*citing Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006)). "The Supreme Court has made clear that reopening is discretionary with the BIA and that the BIA retains broad discretion to grant or deny such motions." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (*citing I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)).

## ANALYSIS

In general, a motion to reopen shall be filed within 90 days of the date of entry of a final administrative order. 8 U.S.C. §1229a(c)(7)(C). An *in absentia* removal order may be rescinded if a motion to reopen is filed within 180 days of the entry of the final administrative order, if the alien demonstrates that the failure to appear was because of exceptional circumstances. 8 U.S.C. §1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii).

The motion to reopen was filed almost two years after the *in absentia* order was entered and, therefore, was well past the 90-day general time limit and the 180-day exceptional circumstances time limit. However, Carroll contends that the BIA should have considered the motion to reopen as timely under an equitable tolling theory. Further, Carroll argues that the IJ should have granted his motion to reconsider the motion to reopen because the first time the IJ heard his motion to reopen, a supplemental memorandum with evidence of ineffective assistance of counsel was not attached. We agree with the BIA that the failure of the IJ to review the memorandum was harmless error.

## I. Equitable Tolling

Carroll concedes that his motion to reopen was filed past the 180-day time limit for filing his motion, but contends that the time limit should have been equitably tolled. "'Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired.'" *Barry*, 524 F.3d at 724 (*quoting Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007)).

We have applied the doctrine of equitable tolling to time-barred motions to reopen. *See, e.g., Tapia-Martinez*, 482 F.3d at 422. Several factors are considered when determining whether to apply the doctrine of equitable tolling. "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Whether Carroll exercised due diligence in pursuing his rights during the time period he wishes to be tolled is of utmost concern. *See Barry*, 524 F.3d at 724-25. Further, "'[d]ue diligence requires an alien to prove that the delay in filing the motion to reopen was due to an []exceptional circumstance beyond his control.'" *Id.* at 724 (*quoting Tapia-Martinez*, 482 F.3d at 423) (citation omitted).

Carroll claims that he "lost contact" with his attorney sometime in early 2002. Carroll's last attempt to contact his attorney was in June 2003 through a letter, which was returned "undeliverable." During the two-year period from 2004 to 2006 he wishes to have equitably tolled, he took no action to pursue his legal rights.

Contrary to Carroll's assertion, the facts suggest that he knew his case was not settled because his June 2003 letter to his attorney expressed his fear that an "INS warrant" was out for him. Carroll's lack of due diligence precludes him from being entitled to an equitable tolling of the time limit to file a motion to reopen.

## II. Ineffective Assistance of Counsel

Carroll argues that the BIA erred in affirming the denial of his motion to reconsider because his former attorney's ineffective assistance of counsel was grounds to equitably toll the time limit to file his motion to reopen and, therefore, any evidence of ineffective assistance of counsel in the supplemental memorandum should have been considered. Although we have held that "'[e]quitable tolling may apply when a petitioner has received ineffective assistance of counsel,'" we need not address this issue because Carroll did not establish due diligence in pursuing his rights. *Barry*, 524 F.3d at 724 (*quoting Ljucovic v. Gonzales*, 144 F. App'x 500, 503 (6th Cir. 2005)).

Here, the IJ and the BIA accepted Carroll's ineffective assistance of counsel assertions as true, but both ruled against Carroll because he failed to establish due diligence in pursuing his rights. Therefore, the BIA's decision to affirm the denial of Carroll's motion to reconsider was not an abuse of discretion.

The issues of whether Carroll's attorney's conduct constituted ineffective assistance or whether Carroll is even entitled to effective assistance of counsel under the Fifth Amendment,[1] are issues that we need not address.

PETITION DENIED.

---

[1]The Attorney General recently decided *Matter of Compean*, 24 I&N Dec. 710 (A.G. 2009), which overruled *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), and *Matter of Assaad*, 23 I&N Dec. 553 (BIA 2003). However, we decline to address the issue of whether an alien is entitled to effective assistance of counsel under the Fifth Amendment because Carroll did not exhibit due diligence in pursuing his rights.