NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0330n.06
Filed: May 14, 2009

Case No. 08-3513

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AHMAD FAOUZI ZORKOT, | ) | |
| Petitioner, | ) ) | PETITION FOR REVIEW OF |
| v. | ) | AN ORDER OF THE BOARD |
| | ) | OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, Jr., U.S. Attorney General, | ) ) | |
| Respondent. | ) ) | |

BEFORE: BATCHELDER and CLAY, Circuit Judges; and COX, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** Ahmad Zorkot seeks review of a decision by the Board of Immigration Appeals denying his motion to reopen after an immigration judge (IJ) ordered him removed, in absentia, when he failed to appear for his hearing. Despite Zorkot's insistence that he never received notice and his contention that the IJ and the Board erred by disbelieving him, we find that substantial evidence supports the decision. We deny the petition.

## I.

Ahmad Zorkot is a Lebanese national who over-stayed his visa and was sent a notice to appear before an immigration court for a removal hearing. When he failed to appear, the IJ removed him in absentia. Zorkot moved to reopen, claiming that he had not received the notice. The government responded that notice had been sent to his listed address. Zorkot first claimed that he

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

had moved and, despite his informing the immigration court of his change of address, had not received the notice. Zorkot later claimed that he had hired an attorney to file the change of address and that the attorney's failure to do so was ineffective assistance, which should be sufficient to afford him an opportunity to reopen. The Board denied his motions and he now seeks review.

## II.

"An in absentia removal order may be rescinded if a motion to reopen is filed within 180 days of the entry of the final administrative order, if the alien demonstrates that the failure to appear was because of exceptional circumstances." *Carroll v. Holder*, No. 07-4242, 2009 WL 331639, 2 (6th Cir. 2009) (citing 8 U.S.C. § 1229a(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii)). Zorkot's claim of "exceptional circumstances" is premised on his assertion that, unbeknownst to him, his counsel failed to submit the change of address as promised. The Board rejected this claim, explaining:

> We note that in his motion to reopen, motion to reconsider, and appeal, [Zorkot] represented that *he* filed a change of address form with the Court in November 2004, after he moved from his brother's house. We note in particular that in the declaration he submitted with his motion to reconsider, he wrote in his own handwriting that 'about a week' after he moved, 'I notify (sic) the Immigration Court in writing of my change of address on the form provided with my NTA.' [Zorkot] now asserts that he was in fact represented by counsel during the time he moved, and that attorney Farat failed to file the change of address form after receiving remuneration for the services. We find this inconsistency troubling, and further note that there is no evidence in the record to establish that [Zorkot] ever retained the services of attorney Farat. While [Zorkot] has provided his retainer agreements with attorney Alexandrovich and attorney Lerner, he has not done the same with attorney Farat.

Our review of the record verifies the Board's depiction of Zorkot's contradictory assertions and justifies its conclusion. We find that substantial evidence supports the decision.

## III.

For the reasons stated, we **DENY** the petition for review.