**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0586n.06

No. 09-4440

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 19, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| AMADOU LY, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **ON PETITION FOR REVIEW** |
| v. | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General, | ) | |
| | ) | **O P I N I O N** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**Before: MOORE and WHITE, Circuit Judges, and VARLAN, District Judge.**[*]

**THOMAS A. VARLAN, District Judge.** Petitioner Amadou Ly ("Ly"), a native and citizen of Mauritania, seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his untimely motion to reopen removal proceedings for lack of due diligence. Ly acknowledges that the motion to reopen was untimely on its face. Ly argues, however, that the filing period for the motion to reopen should be equitably tolled as a result of his prior attorneys' ineffective representation. Because we find that Ly has not demonstrated due diligence, we conclude that the BIA did not abuse its discretion in denying Ly's motion to reopen. We therefore affirm the decision of the BIA and deny the petition for review.

_____

[*]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## I. BACKGROUND

Ly was born in Mauritania in 1965 and was deported to Senegal sometime after 1990. Ly entered the United States around July 1998. In February 1999, Ly filed an application for asylum with the former Immigration and Naturalization Service ("INS"). The INS instituted removal proceedings and Ly conceded removeability and applied for asylum and withholding of removal.

On February 25, 2000, Ly appeared in Immigration Court on his application for relief. He was assisted at the hearing by Nimmo Bhagat ("Attorney Bhagat"), the first of four attorneys. After the hearing, the Immigration Judge ("IJ") rendered an oral decision denying Ly's application for asylum and withholding of removal.

With the assistance of a second attorney, T. Darnell Flowers ("Attorney Flowers"), Ly timely appealed the IJ's decision to the BIA. On March 25, 2003, the BIA affirmed, without opinion, the IJ's decision. On April 21, 2003, with the assistance of a third attorney, Michael Nesbit ("Attorney Nesbit"), Ly timely petitioned the Sixth Circuit for review of the BIA's decision. On October 20, 2004, a panel of the Sixth Circuit denied the petition for review and affirmed the decision of the BIA. *Ly v. Ashcroft*, No. 03-3569, slip op. (6th Cir. filed Oct. 20, 2004).

On January 17, 2008, almost five years after the BIA affirmed the IJ's decision and more than three years after the Sixth Circuit affirmed the decision of the BIA, Ly filed a motion to reopen in Immigration Court with the assistance of a fourth attorney, Thiaba Samb ("Attorney Samb"). Conceding that the limitations period had passed, Ly asserted that his representation by Attorneys Bhagat, Flowers, and Nesbit was ineffective, and he requested that the filing period be equitably

2

tolled because he became aware of their substandard representation only on October 17, 2007, the date he retained Attorney Samb and, according to Ly, first learned of the denial of his appeal. The IJ denied the motion to reopen on February 1, 2008.

On April 16, 2008, Ly filed a second motion to reopen with the BIA on the same grounds. On October 30, 2009, the BIA simultaneously vacated, for lack of jurisdiction, *see* 8 C.F.R. 1003.23(b)(1), the IJ's decision denying Ly's motion to reopen, and denied Ly's second motion to reopen filed with the BIA. In that denial, the BIA found that Ly had not exercised due diligence in raising his ineffective assistance of counsel claims against Attorneys Bhagat and Flowers because he was aware of their representation in February 2000 and in March 2000, respectively, but waited more than eight years before filing a motion to reopen. The BIA also declined to exercise discretion over Ly's ineffective assistance of counsel claim against Attorney Nesbit because he represented Ly before the Sixth Circuit and his representation was unrelated to conduct before the BIA.[1] Last, the BIA declined to exercise its *sua sponte* authority to reopen the removal proceedings.[2]

Ly timely petitioned the Sixth Circuit for review of the BIA's decision. On November 20, 2009, Ly filed a motion to stay removal proceedings pending review of his petition. The Sixth

---

[1]Ly has not raised or challenged this aspect of the BIA's decision and has therefore waived argument on this issue. *See Bi Feng Liu v. Holder*, 560 F.3d 485, 489 n.4 (6th Cir. 2009) (noting that an issue not raised in a party's briefs may generally be deemed waived) (citing *Carter v. Univ. of Toldeo*, 349 F.3d 269, 272 (6th Cir. 2003)).

[2]Ly acknowledges that we lack jurisdiction to review this aspect of the BIA's decision. *See Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) ("Sixth Circuit law is clear that the BIA's determination to forego the exercise of its *sua sponte* authority is a decision that we are without jurisdiction to review.").

Circuit granted Ly's request for a stay on January 26, 2010.  *Ly v. Holder*, No. 09-4440, slip op. at 2 (6th Cir. filed Jan. 26, 2010).

## II.  ANALYSIS

A decision to grant or deny a motion to reopen immigration proceedings is within the "broad discretion" of the BIA.  *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); 8 C.F.R. § 1003.2(a).  We therefore review the denial of a motion to reopen for abuse of discretion.  *Barry*, 524 F.3d at 724.  "This standard requires us to decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group."  *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006) (citations and internal quotations omitted) (alterations in original).  Generally, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8 C.F.R. § 1003.2(c)(2).

The doctrine of equitable tolling may toll the 90-day limitations period for filing motions to reopen, *Harchenko v. I.N.S.*, 379 F.3d 405, 410 (6th Cir. 2004), and "may be applied to permit reopening when the alien demonstrates . . . ineffective assistance of counsel and [that he] was prejudiced thereby."  *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010).  We consider five factors when determining whether to equitably toll an otherwise time-barred motion to reopen: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice

to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Barry*, 524 F.3d at 724 (citations omitted).

Ly acknowledges that his motion to reopen was untimely because it was filed almost five years after the final decision of the BIA and more than three years after the Sixth Circuit affirmed the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2). He argues, however, that equitable tolling should apply because he had no notice or knowledge of the limitations period, because he does not understand English, because his attorneys never informed him of the status of his case, and because he exercised due diligence in pursuit of his rights.

The Sixth Circuit has previously denied equitable tolling when the petitioner's only error was a failure to exercise due diligence. *See, e.g., Pepaj v. Holder*, 321 F. App'x 468, 472-73 (6th Cir. 2009) (declining to equitably toll the limitations period because the petitioners failed to exercise due diligence); *Barry*, 524 F.3d at 725 (same); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 424 (6th Cir. 2007) (same). "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Barry*, 524 F.3d at 724 (quoting *Tapia-Martinez*, 482 F.3d at 423 (citation omitted)). While the length of the delay in filing a motion to reopen is an important part of this analysis, the mere passage of time does not necessarily imply a lack of due diligence. *Gordillo v. Holder*, 640 F.3d 700, 705 (6th Cir. 2011). Indeed, whether an alien was diligent "ultimately depends on all of the facts of the case, not just the chronological ones." *Id.*

In an affidavit in support of Ly's ineffective assistance claim against Attorney Nesbit, Ly states that he became concerned with the status of his case in August 2005 after he was denied a work permit. According to Ly, Attorney Nesbit told him about the denial of the work permit but did not explain to him why it was denied, and never informed him about the status of his Sixth Circuit appeal. An attorney's misrepresentation or failure to inform an alien about the status of his case may contribute to a finding of equitable tolling on a motion to reopen. *Gordillo*, 640 F.3d at 704-05; *see also Mezo*, 615 F.3d at 621 (finding that the attorney made multiple misrepresentations to the petitioner regarding the status of her appeal). In *Gordillo*, the petitioners filed an untimely motion to reopen proceedings after their attorney failed to notify them of the BIA's decision affirming the denial of their petition. 640 F.3d at 704-05. Prior to filing their motion to reopen, the petitioners had sought the assistance of at least three other individuals, two lawyers and a non-lawyer who provides advice to aliens. *Id.* at 704. Each of these individuals told the petitioners that they had no way to obtain relief. *Id.* A panel of the Sixth Circuit found the petitioners' conduct indicative of due diligence because they "first took prompt action to pursue their rights and only later gave up after repeatedly being told they did not have any." *Id.* at 705.

The record in this case contains no indication that Ly's attorneys made misrepresentations to him or failed to inform him of the status of his case. On the contrary, the record shows that Attorney Flowers filed a timely appeal of the IJ's decision to the BIA and Attorney Nesbit timely petitioned the Sixth Circuit for review of the BIA's decision. A letter from Attorney Nesbit to Ly, dated October 22, 2004, informed Ly of the Sixth Circuit's order affirming the BIA. A second letter

from Attorney Nesbit to Ly, dated June 13, 2005, informed Ly that his case was concluded and that the firm was closing Ly's file and returning all documents. Ly's assertions that he repeatedly attempted to contact Attorneys Flowers and Nesbit also do not show the exercise of due diligence as there is no information regarding the frequency, dates, or the number of times Ly attempted to contact the attorneys. *See Ajazi v. Gonzales*, 216 F. App'x 515, 520 (6th Cir. 2007) ("Having no information as to the frequency and number of attempts Petitioner made to contact counsel . . . we cannot say that the BIA abused its discretion.").

Ly has also provided no description of his conduct between August 2005, when he became concerned about his case, and October 17, 2007, when he retained Attorney Samb, and Ly gives no explanation for why he did not seek other advice during this period. *See Carroll v. Holder*, 310 F. App'x 763, 765 (6th Cir. 2009) (finding that an alien exhibited a lack of diligence when he "lost contact" with his attorney and took no action to pursue his legal rights for the two year period he sought to have equitably tolled). Ly's description of meeting Attorney Samb, who Ly retained only after accompanying a friend to an appointment because he did not understand why he could not get a work permit, also does not suggest the due diligence exercised by the petitioners in *Gordillo*, who met with three individuals in their attempts to obtain assistance. Furthermore, assuming Ly is unfamiliar with the English language or confused about immigration law, he has exhibited the ability to find, communicate with, and retain counsel on at least four occasions. We therefore have no explanation or reason, let alone an exceptional circumstance, for why Ly did not attempt to obtain other legal advice in the two-year period between August 2005 and October 17, 2007. Furthermore,

Ly did not properly file the motion to reopen with the BIA until April 16, 2008, nearly six months after retaining new counsel.

Last, Ly argues that his compliance with the requirements set forth in *Matter of Lozada*, 19 I & N. Dec. 637 (BIA 1988), shows that he exercised due diligence and that he has demonstrated that he was prejudiced by his prior attorneys' conduct. *Lozada* set forth the following requirements for motions to reopen immigration proceedings based on ineffective assistance of counsel: "(1) that the motion be supported by an affidavit detailing counsel's findings, (2) that counsel be informed of the allegations, and (3) that the motion show that disciplinary charges have been filed with the appropriate authority." *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (citing *Lozada*, 19 I & N. Dec. at 639). The petitioner must also demonstrate prejudice resulting from the ineffective assistance of counsel. *Lozada*, 19 I & N. Dec. at 640.[3]

The government points out, however, that Ly's arguments that he complied with *Lozada* and that he was prejudiced are not properly before us because the BIA did not address these issues but denied Ly's motion for lack of due diligence. We agree. The BIA did not reach the issues of whether Ly had complied with *Lozada* or established prejudice because it declined to toll the limitations period due to his lack of due diligence. Because the BIA may decline to equitably toll this period based solely on lack of due diligence, and because we find that the BIA did not abuse its

---

[3]The Attorney General vacated *Lozada* in *Matter of Compean*, 24 I & N. Dec. 710 (BIA 2009). The Attorney General subsequently vacated *Compean*, in *Matter of Compean*, 25 I & N. Dec. 1 (BIA 2009), and directed immigration judges to apply the *Lozada* requirements to motions to reopen based on ineffective assistance of counsel claims.

discretion in determining that Ly had not exercised due diligence, we need not address the *Lozada* requirements or whether Ly has established prejudice. *See, e.g., Barry*, 524 F.3d at 724 (stating that because the petitioner failed to establish due diligence, the court "need not address on appeal whether she was prejudiced").

In sum, neither the length of the delay nor the record of this case compels the conclusion that the BIA abused its discretion in denying Ly's motion to reopen for lack of due diligence.

## III. CONCLUSION

Accordingly, and for the foregoing reasons, we **AFFIRM** the decision of the BIA and **DENY** the petition for review.