NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0368n.06

No. 16-3019

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 26, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ALIEU JATTA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) APPEALS |
| General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

BEFORE: BOGGS, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Alieu Jatta petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his third motion to reopen his removal proceedings. As set forth below, we deny in part and dismiss in part Jatta's petition.

Jatta, a native and citizen of The Gambia, entered the United States in June 2009 as a nonimmigrant visitor for pleasure with authorization to remain for six months. In January 2011, the Department of Homeland Security arrested Jatta and served him with a notice to appear in removal proceedings, charging him with remaining in the United States for a time longer than permitted. *See* 8 U.S.C. § 1227(a)(1)(B). Jatta appeared before an immigration judge (IJ) and conceded removability as charged. On February 1, 2011, the IJ granted Jatta's request for pre-conclusion voluntary departure in lieu of removal.

Approximately two months later, on March 31, 2011, Jatta filed a motion to reopen his removal proceedings based on changed circumstances. Jatta asserted that he had recently learned

that his uncle, Malaine Ken Njai, had been granted asylum based on Njai's opposition to the current Gambian ruling party and that his close relationship with Njai would make him a target if he returned to The Gambia. The IJ denied Jatta's motion to reopen for the following reasons: (1) he failed to submit any evidence that Njai was in fact his uncle; (2) he failed to establish that this information was not available or could not have been discovered or presented at a prior hearing; and (3) he failed to demonstrate prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. On appeal, the BIA concluded that Jatta's handwritten declaration referring to Njai as his uncle constituted some evidence of the familial relationship but alone was insufficient to make a prima facie showing of the claimed relationship. The BIA affirmed the IJ's overall determination and dismissed Jatta's appeal. Jatta filed an untimely petition for review, which this court dismissed for lack of jurisdiction. *Jatta v. Holder*, No. 11-4109 (6th Cir. Feb. 21, 2012) (order).

In August 2014, Jatta filed a second motion to reopen, this time asserting that he had married a United States citizen whose I-130 petition for alien relative had been approved and that he was eligible to apply for adjustment of status. The IJ denied Jatta's motion to reopen as time- and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). The IJ also noted that Jatta failed to attach an application for adjustment of status to his motion as required by 8 C.F.R. § 1003.23(b)(3). To the extent that Jatta requested that the IJ exercise her sua sponte authority to reopen removal proceedings, the IJ declined that request because he failed to substantiate his after-the-fact marriage, noting that Jatta did not "even allege a date of marriage."

Jatta did not appeal the IJ's decision and instead filed a third motion to reopen in January 2015. Jatta again asserted that he was eligible to apply for adjustment of status based on the approved visa petition filed by his United States citizen wife. Denying Jatta's motion to reopen,

the IJ noted that his motion was "nearly identical to his second motion to reopen" and that he had "again failed to address the critical issue" that his motion was both time- and number-barred. The IJ therefore construed Jatta's motion as a request to exercise her sua sponte authority to reopen removal proceedings. The IJ concluded that Jatta's attachments to his motion did not alter her prior opinion that his situation did not warrant the exercise of that authority, stating that his incomplete application for adjustment of status failed to establish his prima facie eligibility for relief and that Jatta's inclusion of his marriage certificate did not sufficiently substantiate his after-the-fact marriage. The BIA dismissed Jatta's appeal from the IJ's decision. The BIA agreed that Jatta's motion to reopen was both time- and number-barred and that he had "presented insufficient evidence of circumstances that would justify a discretionary grant of his untimely motion to reopen and the extraordinary remedy of reopening his removal proceedings sua sponte."

This timely petition for review followed. Jatta argues that, in upholding the IJ's denial of his motion to reopen, the BIA (1) violated his due-process rights in light of his bona fide application for adjustment of status and approved I-130 petition and (2) erred in failing to properly and fully analyze his eligibility for adjustment of status.

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the denial of a motion to reopen for abuse of discretion. *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 421 (6th Cir. 2007).

The BIA agreed with the IJ that Jatta's motion to reopen was time- and number-barred. With certain exceptions that do not apply here, an alien may file one motion to reopen removal

proceedings and must file the motion within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). Jatta's motion to reopen was his third motion and was filed nearly four years after the final administrative order. By failing to address these procedural grounds for denying his motion to reopen, Jatta has abandoned any challenge to the denial of his motion as time- and number-barred. *See Hih v. Lynch*, 812 F.3d 551, 556 (6th Cir. 2016).

Jatta's arguments challenge only the BIA's refusal to exercise its sua sponte authority to reopen. *See Rais v. Holder*, 768 F.3d 453, 459 (6th Cir. 2014) (recognizing that, because the petitioner did not dispute that his motion to reopen was time- and number-barred or assert that he qualified for an exception to the filing requirements, "the BIA's *sua sponte* authority to reopen removal proceedings was the only means by which he could have obtained relief"). We have held that "the BIA's exercise of its *sua sponte* authority 'is committed to [its] unfettered discretion . . . and therefore is not subject to judicial review.'" *Id*. at 463 (quoting *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008)). We therefore lack jurisdiction to review Jatta's arguments, including his purported due-process claim. *See id*. at 464.

For these reasons, we **DENY** in part and **DISMISS** in part Jatta's petition for review.