**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0487n.06

No. 18-4207

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 19, 2019
DEBORAH S. HUNT, Clerk

ELISEO PEREYRA,                              )
                                             )
          **Petitioner,**                    )          ON PETITION FOR REVIEW OF
                                             )          AN ORDER OF THE BOARD OF
v.                                           )          IMMIGRATION APPEALS
                                             )
WILLIAM P. BARR, Attorney General,           )
                                             )          **OPINION**
          **Respondent.**                    )
                                             )

Before:  MOORE, McKEAGUE, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Eliseo Pereyra petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings. We conclude that we are without jurisdiction to review the BIA's decision because it was made pursuant to the BIA's authority to reopen sua sponte. We also conclude that the BIA had jurisdiction to institute removal proceedings against Pereyra. We therefore dismiss Pereyra's petition for review of the BIA's order.

## I.  BACKGROUND

Pereyra is a native and citizen of Mexico who asserts that he first entered the United States without inspection in 1995. Pet'r Br. at 3. He married Elizabeth Bustos, a United States citizen in 1997. Bustos filed I-130 and I-485 petitions on Pereyra's behalf, seeking to adjust his immigration status. In 1999 these petitions were denied for lack of prosecution. AR at 291, 243.

On September 8, 1999, the Immigration and Naturalization Service issued Pereyra a Notice to Appear ("NTA"), asserting that he was subject to removal under §§ 212(a)(6)(A)(i) & 237(a)(1)(A) of the Immigration and Nationality Act. *Id.* at 22. The initial NTA did not specify the time or place of Pereyra's hearing. *Id.* Pereyra subsequently received a notice of a hearing date and location and attended removal hearings. *Id.* at 288.

During this process, Bustos filed a second petition on Pereyra's behalf, which the United States Citizenship and Immigration Services denied upon concluding that their marriage was fraudulent. *Id.* at 258–63. Pereyra and Bustos divorced, and Pereyra married Crystal Joy Pereyra on March 15, 2005. His new wife had a daughter from a prior relationship, and together the couple had a son.

Pereyra's removal proceedings continued, and on April 8, 2005, his attorney wrote a letter to the Immigration Judge ("IJ") informing him that Pereyra planned to voluntarily depart the United States the following day and would not appear at his hearing scheduled for April 19, 2005. *Id.* at 249. Because Pereyra failed to appear at that hearing, the IJ ordered him removed in absentia. *Id.* at 230.

Pereyra attempted to reenter the United States in early May of 2005 and was removed. *Id.* at 75–78. He tried again in late May, was apprehended, and returned to Mexico pursuant to an expedited removal order. *Id.* at 80–82. He then reentered the United States on June 30, 2005 without inspection. Pet'r Br. at 6.

On April 22, 2011, slightly over six years after the IJ ordered him removed in absentia, Pereyra filed a "Motion to Vacate Prior Removal Order and to Reopen Proceedings." AR at 85–

2

He requested that the IJ exercise his sua sponte authority to reopen, arguing that the earlier order of removal had been invalid because Pereyra had already departed from the United States when it issued, that his previous counsel had been ineffective, and that, should the proceedings be reopened, he would be eligible to adjust his status because of his marriage to a United States citizen. The Department of Homeland Security ("DHS") opposed his motion. *Id.* at 70–73. The IJ denied Pereyra's motion to reopen, rejecting each of his arguments. *Id.* at 64–66. Pereyra appealed to the BIA, which dismissed the appeal. *Id.* at 28–29.

On September 17, 2018, Pereyra filed a second motion to reopen. *Id.* at 15–19. Pereyra argued that under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the NTA he was issued in 1999 was defective and therefore had not stopped the running of time for his continuous presence in the United States. Accordingly, he argued that, should proceedings be reopened, he would be eligible for cancellation of removal because he has been continuously in the United States for over ten years and his U.S. citizen relatives would suffer if he were removed to Mexico. AR at 17–18. DHS opposed Pereyra's motion. *Id.* at 11.

The BIA denied the second motion to reopen. It noted that Pereyra's "motion is a second motion to reopen that was filed long after the 90-day filing period expired." *Id.* at 3. It further stated that Pereyra had failed to show the existence of "an exceptional situation that would warrant reopening pursuant to this Board's limited authority to reopen sua sponte under 8 C.F.R. § 1003.2(a)." *Id.* Pereyra petitioned this court for review of the BIA's denial of his motion to reopen.

## II.  DISCUSSION

Pereyra's petition involves two jurisdictional issues.  The first deals with the jurisdiction of this court to review the BIA's refusal to sua sponte reopen Pereyra's case.  The second deals with the jurisdiction of the BIA to institute removal proceedings against Pereyra.

### A.  Sixth Circuit's jurisdiction to review the BIA's denial of the motion to reopen

Generally, "[a]n alien may file one motion to reopen proceedings," which must be "filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(A) & (C).  There are some exceptions to these general requirements.  *See, e.g.*, 8 U.S.C. § 1229a(b)(5)(C) (providing for longer periods to file for reopening in certain circumstances); *id.* at (c)(7)(C)(ii) (no time limit to file motions to reopen for asylum claims based on changed country conditions).

The BIA's decisions to grant or deny motions to reopen are discretionary, based on whether the movant offers new evidence that could not have been discovered previously, whether the movant was previously aware of the availability of the relief he seeks, and whether circumstances have changed since the earlier hearing.  8 C.F.R. § 1003.2(c)(1).  We normally review these BIA decisions for abuse of discretion.  *Rais v. Holder*, 768 F.3d 453, 460 (6th Cir. 2014); *see also Hernandez-Perez v. Whitaker*, 911 F.3d 305, 315–16 (6th Cir. 2018) (discussing under what circumstances courts of appeals have jurisdiction to review the BIA's decisions on motions to reopen).

The BIA may also reopen proceedings on its own authority in "exceptional situations."  *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997); 8 C.F.R. § 1003.2(a).  This power "is not meant to

be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." *In re J-J-*, 21 I. & N. Dec. at 984. We do not have jurisdiction to review the BIA's decisions based on its authority to grant motions to reopen sua sponte because "the exercise of this specific authority 'is committed to the unfettered discretion of the BIA.'" *Rais*, 768 F.3d at 460 (quoting *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008)); *see also Harchenko v. INS*, 379 F.3d 405, 410–11 (6th Cir. 2004).

Pereyra "neither disputes that [his] [second] motion [to reopen] was both untimely and number-barred nor asserts that he qualifies for any exception to the filing requirements." *Rais*, 768 F.3d at 459. That leaves "the BIA's *sua sponte* authority to grant his motion [as] the only means by which he could have obtained relief." *Id.* at 464. As stated, we are without jurisdiction to review this type of decision, and therefore must dismiss Pereyra's petition. *See Jatta v. Sessions*, 698 F. App'x 818, 820 (6th Cir. 2017).

**B. BIA's jurisdiction to institute removal proceedings**

Pereyra asserts that the BIA itself was without jurisdiction to institute removal proceedings against him because the NTA that it issued him did not include the time or location of the hearing, citing the Supreme Court's decision in *Pereira v. Sessions*. Pet'r Br. at 11. The government responds that our decision in *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018), addressed and foreclosed this argument.

In *Pereira*, the Supreme Court determined that an NTA must specify the time and place of the removal hearing if it is to stop the time running on a period of continuous physical presence in the United States for the purposes of cancellation of removal determinations. 138 S. Ct. at 2114.

The BIA concluded in *Matter of Bermudez-Cota* that in the context of vesting jurisdiction with the BIA over removal proceedings, however, an NTA "that does not specify the time and place of an alien's initial removal hearing" is sufficient, "so long as a notice of hearing specifying this information is later sent to the alien." 27 I & N. Dec. 441, 447 (BIA 2018). In *Hernandez-Perez*, we explicitly considered the potential implications of *Pereira* for whether an NTA must include time and location in order to vest jurisdiction with the BIA. 911 F.3d at 314–15. Rather than extending *Pereira* to deprive the BIA of jurisdiction where an NTA lacked time and location information, we cabined *Pereira*'s holding and adopted the BIA's view as expressed in *Bermudez-Cota*. *Id.* at 315.

*Hernandez-Perez* governs Pereyra's case. Although the initial NTA issued to Pereyra lacked the time and location of the hearing, Pereyra does not dispute that a subsequent notice filled those informational gaps. *See* AR at 288. This was enough to vest jurisdiction with the BIA.

Pereyra asserts that his case is distinguishable from *Hernandez-Perez* because Pereyra was "removed in absentia based on ineffective assistance of counsel." Pet'r Br. at 15. He does not, however, explain why that distinction compels a different jurisdictional result than that reached in *Hernandez-Perez*. We consider any such argument forfeited because it was "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).

### III. CONCLUSION

We dismiss Pereyra's petition for review of the BIA's denial of his motion to reopen.