**Fadi HERMIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3895.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Fakhri W. Yono, West Bloomfield, MI, for Petitioner.

William C. Erb, U.S. Department of Justice, Immigration Litigation, Civil Divison, Washington, DC, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

### ORDER

Fadi Fouad Hermiz seeks judicial review of an order of the Board of Immigration Appeals ("BIA") that denied a motion to reconsider the dismissal of his administrative appeal. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hermiz is a native and citizen of Iraq, who entered this country without inspection in 1995. He subsequently conceded deportability and applied for asylum, primarily alleging that his father, uncle, and cousin had been persecuted in Iraq because they were associated with the Kurdish democratic party. An Immigration Judge denied Hermiz's asylum application in 1997, and the BIA rejected his initial appeal on February 24, 1999, as it had not been timely filed.

Hermiz's former attorney then filed a timely motion to reopen his appeal, primarily alleging that mail delivery had been unexpectedly slow. The BIA construed this pleading as a motion for reconsideration and denied the motion on June 15, 2000.

Although it is not part of the record, Hermiz now asserts that he filed a motion

to remand in 2001, which the BIA treated as another motion to "reopen/reconsider" his case. The BIA apparently rejected this motion because he had not paid the required filing fee.

Hermiz filed his current motion on May 31, 2002, alleging that he had been denied the effective assistance of counsel and that he had married a United States citizen. The BIA construed this pleading as another motion for reconsideration. It denied the motion on July 18, 2002, because Hermiz had already filed the maximum number of such motions, because his current motion was untimely, and because he had not presented sufficient grounds for equitable tolling. *See* 8 C.F.R. §§ 3.2(b)(2) *and* 3.2(c)(2). Hermiz now seeks judicial review of that decision. The parties agree that the denial of his motion should be reviewed for an abuse of discretion.

It is undisputed that Hermiz's current motion was untimely and that he had already filed the maximum number of motions that are allowed under the regulations. He argues, nonetheless, that the limitations period and numerical limit were subject to waiver and equitable tolling because he was denied the effective assistance of counsel by his former attorney. Hermiz does not have a constitutionally protected right to counsel in a civil deportation proceeding. *See Mustata v. United States Dep't of Justice,* 179 F.3d 1017, 1022 n. 6 (6th Cir.1999). However, some courts have held that the ineffective assistance of counsel may provide grounds for equitable tolling if the petitioner has been diligent in pursuing his rights. *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

Hermiz argues that he did not become aware of the BIA's rejection of his initial appeal until December 6, 2001, when he received the government's answer to his motion to remand. It appears, however, that he did not make any inquiries regarding the status of his appeal for several years. Moreover, his current motion would have been untimely on May 31, 2002, even if the time for filing had been tolled until December of 2001, when he admittedly learned of former counsel's alleged error. *See* 8 C.F.R. §§ 3.2(b)(2) *and* 3.2(c)(2). Hermiz argues that he was seeking the government's concurrence in his motion, but he could have filed the motion before seeking that concurrence. Thus, we conclude that the BIA did not abuse its discretion by denying Hermiz's motion, as he did not show that he was diligent in pursuing his rights. *See Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir.2001); *Iavorski,* 232 F.3d at 134.

Accordingly, Hermiz's petition for judicial review of the BIA's decision is denied.