*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0159p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

NENE AMY BARRY,

　　　　　　　　　　　　　*Petitioner,*

　　*v.*

MICHAEL B. MUKASEY,

　　　　　　　　　　　　　*Respondent.*

No. 07-3317

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A97 640 588.

Submitted:  February 15, 2008

Decided and Filed:  February 25, 2008[*]

Before:  BATCHELDER, MOORE, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Joseph M. Kum, AMITY, KUM & SULEMAN, P.A., Greenbelt, Maryland, for Petitioner.  Vanessa Lefort, Aviva L. Poczter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

　　　　McKEAGUE, Circuit Judge.  Nene Amy Barry seeks review of an order of the Board of Immigration Appeals ("BIA") denying her untimely motion to reopen.  To the extent we lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* discretion to reopen removal proceedings, we DISMISS the appeal in relevant part.  Because the BIA did not otherwise abuse its discretion when it denied Barry's request to equitably toll the time limit for her motion to reopen, we DENY the petition.

## BACKGROUND

　　　　A native and citizen of Guinea, Barry claims that she entered the United States in or about January 2003.  In September 2003, Barry applied for asylum, withholding of removal, and protection

_____

[*]This decision was originally issued as an "unpublished decision" filed on February 25, 2008.  On April 8, 2008, the court designated the opinion as one recommended for full-text publication.

under the Convention Against Torture ("CAT").  At the conclusion of the merits hearing held on March 29, 2004, the immigration judge ("IJ") issued an oral decision, denying Barry's applications for asylum and withholding of removal and noting that she had withdrawn her request for CAT protection.  On April 28, 2004, she filed a notice of appeal.  While her appeal was pending, Barry claims that she married a United States citizen on June 29, 2005.  On July 5, 2005, the BIA dismissed her appeal.  On November 22, 2006—almost sixteen months after the BIA's July 5, 2005 decision—Barry filed a motion to reopen and remand before the BIA.  On February 22, 2007, the BIA denied her motion to reopen.

## ANALYSIS

A motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(C)(I); *see also* 8 C.F.R. § 1003.2(c)(2).  The time limits for filing a motion to reopen "are crystal clear."  *Randhawa v. Gonzales*, 474 F.3d 918, 920 (6th Cir. 2007).  The 90-day period for filing a motion to reopen is subject to narrow exceptions:

> (1) where the BIA reopens the proceedings *sua sponte*; (2) where the parties agree to reopen the proceedings; (3) changed circumstances in the country of nationality of which there is new, material evidence that could not have been discovered or presented at the time of the original proceeding; and (4) certain *in absentia* decisions.

*Qeraxhiu v. Gonzales,* 206 F. App'x 476, 480 (6th Cir. 2006) (citing 8 C.F.R. § 1003.2(a), (c)(3)).

Here, Barry does not dispute that her motion to reopen was filed after the 90-day period.  Rather, she argues that the BIA abused its discretion when it (a) failed to exercise its *sua sponte* authority to reopen proceedings and (b) refused to apply equitable tolling to excuse her failure to timely file because she received ineffective assistance of counsel.

### A.  *Sua sponte* authority

We previously have held that "[t]he decision whether to invoke *sua sponte* authority [under 8 C.F.R. § 1003.2(a)] is committed to the unfettered discretion of the BIA" and therefore is not subject to judicial review.  *Harchenko v. I.N.S.*, 379 F.3d 405, 410-11 (6th Cir. 2004) (citing 8 C.F.R. § [100]3.2(a); *Luis v. I.N.S.*, 196 F.3d 36, 40 (1st Cir. 1999); *see also Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003); *Ekimian v. I.N.S.,* 303 F.3d 1153, 1154 (9th Cir. 2002); *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999)).  Section 1003.2(a) "allows the BIA to reopen proceedings in exceptional situations; it does not require the BIA to do so."  *Harchenko*, 379 F.3d at 411.  "*Harchenko* affirmed the principle that review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Randhawa v. Gonzales*, 184 F. App'x 502, 503 (6th Cir. 2006) (internal quotations and citations omitted).

The BIA here explicitly declined to exercise its *sua sponte* authority to reopen Barry's removal hearings.  Therefore, irrespective of whether that decision was proper, Sixth Circuit law is clear that the BIA's determination to forgo the exercise of its *sua sponte* authority is a decision that we are without jurisdiction to review.

### B.  Equitable tolling

Barry also argues that the BIA erred when it declined to equitably toll the 90-day filing deadline for her motion to reopen.  We review the BIA's denial of a motion to reopen under an abuse-of-discretion standard.  *See Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006).  "This standard requires us to decide whether the denial of [the] motion to reopen . . . was made without

a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (alterations in original) (citations and quotation marks omitted). The Supreme Court has made it "clear that reopening is discretionary with the BIA and that the BIA retains broad discretion to grant or deny such motions." *Alizoti v. Gonzales,* 477 F.3d 448, 451 (6th Cir. 2007) (citing *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)). "Because the BIA has such broad discretion, a party seeking reopening . . . bears a 'heavy burden.'" *Id.*

"Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007) (internal quotations and citations omitted). We previously have applied the doctrine of equitable tolling to otherwise time-barred motions to reopen. *See id.* at 422 (citing *Harchenko*, 379 F.3d at 409-10; *Ljucovic v. Gonzales*, 144 F. App'x 500, 503 (6th Cir. 2005); *Miculi v. Ashcroft,* 96 F. App'x 338, 340 (6th Cir. 2004); *Hermiz v. I.N.S.*, 86 F. App'x 44, 45 (6th Cir. 2003)). "Equitable tolling may apply when a petitioner has received ineffective assistance of counsel." *Ljucovic*, 144 F. App'x at 503 (citations omitted).

To determine whether to apply equitable tolling to time-barred claims, we generally consider five factors that include: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Ajazi v. Gonzales*, 216 F. App'x 515, 518 (6th Cir. 2007) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (considering petition for habeas relief under 28 U.S.C. § 2255); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (concerning the timeliness of seeking administrative remedies in the employment discrimination context)).

Here, the BIA found that Barry did not establish that she acted with diligence. We agree. "Due diligence requires an alien to prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Tapia-Martinez*, 482 F.3d at 423 (citation omitted). We previously have declined to equitably toll a time period when a petitioner fails to exercise due diligence in pursuing her rights. *See Ajazi,* 216 F. App'x at 518 (stating "at a minimum, a petitioner seeking to resuscitate a time-barred immigration appeal must establish due diligence"); *Hermiz,* 86 F. App'x at 46 ("[W]e conclude that the BIA did not abuse its discretion by denying Hermiz's motion, as he did not show that he was diligent in pursuing his rights."); *Ramirez v. Gonzales*, 247 F. App'x 782, 785 (6th Cir. 2007) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.") (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147,151 (1984 )).

In the present case, the BIA dismissed Barry's appeal on July 5, 2005. A day *before* the BIA's dismissal but *after* her marriage in June that she argues ostensibly provides the grounds for her motion to reopen, Barry met with a second attorney to file a I-130 petition and a renewed employment application. *See* J.A. 133. Barry received actual notice of the BIA's dismissal and provided that notice to her new attorney. *See id.* After the BIA issued its order, it appears she did not contact her attorney for one year, and then, only to reapply for employment authorization in July 2006. *See id.* at 55, 134. Barry explained that she was "comfortable that [her attorney] was handling [her] case." *Id.* at 133. She offers no other justification for her failure to contact her attorney during that time. On August 11, 2006, she contacted a different attorney about her case, *see id.* at 134, and yet, she waited over three months to file her motion to reopen, dated November 22, 2006. *See id.* at 43-49. Barry's delinquency in filing over three months after she allegedly "learned" of the need to file a motion to reopen further undercuts her claim of diligence. *Cf. Ajazi*, 216 F. App'x at 521 ("That Petitioner nearly missed the ninety day filing period– even giving him

the benefit of the doubt and measuring from July 12, 2005– further supports a finding that the BIA did not abuse its discretion.").

In short, Barry is not entitled to seek equitable relief because she failed to exercise due diligence in pursing her rights to file a motion to reopen or otherwise determine her immigration status. *See Tapia-Martinez,* 482 F.3d at 423 (finding that a fifteen month delay between discovering counsel's deficient performance and filing motion "cannot be considered due diligence"); *Ramirez,* 247 F. App'x at 785-86 (petitioner "simply failed to act with due diligence" when he did nothing for two years after notice of order of removal and failed to promptly file a motion to reopen after claiming ineffective counsel); *Hermiz*, 86 F. App'x at 45 (equitable tolling denied when petitioner did not make any inquiries regarding the status of his appeal for several years, and, after learning of the court's final decision to remove, he waited several months to file a motion to reopen); *Muhameti v. Gonzales,* 230 F. App'x 551, 552-53 (finding BIA did not abuse its discretion in denying to apply equitable tolling to filing deadline or in denying motion where petitioners were not diligent and did not explain seven month gap before filing motion to reopen); *Weerasinghe v. Gonzales*, 210 F. App'x 463, 468 (6th Cir. 2006) (equitable tolling denied when petitioner obtained new counsel and still waited approximately two years to file a motion to reopen).

Indeed, Barry's lack of diligence is reflected in her untimely actions: she did not inquire about her immigration status for approximately one year despite having actual knowledge that the BIA dismissed her case, and, after learning of the need to file a motion to reopen, she waited over three months to file. Accordingly, for all the aforementioned reasons, it cannot be said that the BIA abused its discretion in declining to equitably toll the time period for Barry to file her motion to reopen.

We pause to note that we also have declined to equitably toll filing periods based on ineffective assistance of counsel where a petitioner fails to establish prejudice from former counsel's untimely actions. *See Ajazi*, 216 F. App'x at 518. Here, the BIA found that Barry failed to demonstrate clear and convincing evidence of the bona fides of her marriage and therefore she had not established prejudice. Because Barry failed to establish due diligence, however, we need not address on appeal whether she was prejudiced.

## CONCLUSION

For all the aforementioned reasons, we DISMISS the petition for lack of jurisdiction insofar as the petition requests review of the BIA's decision not to exercise its *sua sponte* authority and DENY the petition for review insofar as it relates to the BIA's decision not to equitably toll the time limit for the motion to reopen.