*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name:  11a0286p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT
_____

RUTH SEA,

*Petitioner,*

*v.*

No. 09-4031

ERIC H. HOLDER, JR., Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A099 997 008.

Argued:  October 7, 2011

Decided and Filed:  November 8, 2011

Before:  MARTIN and GRIFFIN, Circuit Judges; ANDERSON, District Judge.[*]

_____

### COUNSEL

**ARGUED:**  Guy Sohou, LAW OFFICE OF GUY SOHOU, PLLC, Detroit, Michigan, for Petitioner.  Anthony J. Messuri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Guy Sohou, LAW OFFICE OF GUY SOHOU, PLLC, Detroit, Michigan, for Petitioner.  Anthony J. Messuri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

### OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge.  Ruth Sea seeks review of the Board of Immigration Appeals's order denying her applications for asylum, withholding of removal, Convention Against Torture protection, and cancellation of removal.  After

_____

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

1

filing her notice of appeal before this Court, Sea's newly retained counsel discovered that one of the principal documents relied on by the Immigration Judge in support of his determination that Sea was not credible had been improperly translated. Therefore, we **STAY** the appeal to allow Sea to first bring this issue before the Board of Immigration Appeals.

A native and citizen of Côte d'Ivoire, Sea was charged with removability as an alien present in the United States without having been admitted or paroled. Sea conceded that she was present without having been admitted or paroled and applied for asylum, withholding of removal, Convention Against Torture protection, and cancellation of removal.

The Immigration Judge heard Sea's applications and found her not credible. At the hearing, Sea presented a translation of a medical record that stated she had been wounded in her leg during a protest. The Immigration Judge noticed that the record was dated March 9, 1994, but that the record stated that Sea received treatment through March 29. The Immigration Judge asked Sea to explain how the author of the record could "predict the future." Sea responded that she convalesced nearby at her sister's apartment and returned to the medical clinic for additional treatment for some time following.

The Immigration Judge found that Sea was not credible, relying in large measure on the inconsistency in the medical record Sea submitted. The Immigration Judge remarked: "It would be, of course, impossible for the report to foresee 21 days of treatment on the date that it was issued. Respondent was simply unable to explain away this discrepancy whatsoever." The Immigration Judge concluded that the medical records were fraudulent and "clearly and totally erroneous" because "it would be impossible for the document to be issued on March 9th, 1994, discussing treatment of her [for] 21 days when the actual occurrence was on March 9th, 1994."

After filing a notice of appeal before this Court, Sea's new counsel discovered that the medical record had been translated incorrectly. Counsel submitted an affidavit

from the company that translated the record and a corrected translation.  The original translation stated that Sea "received medical treatment for 21 days from 03/09/1994 - 03/29/1994."  However, the corrected translation explains that the document actually stated "the patient is on medical rest for Twenty One days from March 9, 1994 to March 29, 1994."

Because the translation error appears to have contributed substantially and directly to the Immigration Judge's adverse credibility determination, we stay the appeal so that Sea can present the translation error in the first instance to the Board of Immigration Appeals.  Motions to reopen generally must "be filed within 90 days of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(C)(i).  However, as this Court explained in *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (internal quotation marks and citations omitted), this time limit is subject to four exceptions:

> (1) where the [Board] reopens the proceedings *sua sponte*; (2) where the parties agree to reopen the proceedings; (3) changed circumstances in the country of nationality of which there is new, material evidence that could not have been discovered or presented at the time of the original proceeding; and (4) certain *in absentia* decisions.

Therefore, because the translation error appears to have contributed substantially to the Board's decision to deny relief, we **STAY** the appeal pending resolution of Sea's motion to reopen.