NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1016n.06

No. 11-4053

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Sep 17, 2012*
DEBORAH S. HUNT, Clerk

MIGUEL ANGEL JIMENEZ; FRANCISCA )
BERTILA NAVARRETE DE JIMENEZ; )
MARLON ENRIQUE JIMENEZ-NAVARRETE, )
)
    Petitioners, )    ON PETITION FOR REVIEW
)    FROM A FINAL ORDER OF THE
v. )    BOARD OF IMMIGRATION
)    APPEALS
ERIC H. HOLDER, JR., Attorney General, )
)
    Respondent. )
)

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Miguel Angel Jimenez, his wife Francisca Bertila Navarrete De Jimenez, and their son Marlon Enrique Jimenez-Navarrete (petitioners), who are natives and citizens of El Salvador, petition for review of a decision by the Board of Immigration Appeals denying their motion to reopen.

The petitioners entered the United States in 2006 as non-immigrant visitors and stayed beyond the time authorized by their visas.  Miguel filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which included Francisca and Marlon.  An asylum officer with the Department of Homeland Security denied asylum, and the Department subsequently served the petitioners with notices to appear, charging them as being

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

removable for overstaying their visas. The petitioners admitted the allegations in the notices, conceded removability, and renewed their applications for relief.

At the merits hearing before an immigration judge (IJ) on October 7, 2008, Miguel testified that they left El Salvador because individuals came to his medical clinic and demanded money. He also testified that individuals threatened to kidnap his son and "ransacked" his house. The IJ denied the petitioners' applications because the petitioners did not establish any nexus between the harm they suffered and a statutorily protected ground. The petitioners filed a notice of appeal with the Board, but never filed a separate written brief or statement in support of this appeal. The Board therefore summarily dismissed the appeal on May 27, 2010, pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E), and granted the petitioners voluntary departure, to be followed by removal to El Salvador if they did not voluntarily depart the United States.

The petitioners filed two motions to reopen their case, both of which the Board denied. On July 7, 2011, the petitioners filed a third motion to reopen requesting an opportunity to speak with the IJ, indicating that they had no intention of returning to El Salvador. The motion also included a statement referencing their previous two attorneys and that they felt that the attorneys "did not treat[] them with respect." The petitioners included several documents with the motion that "were expected to be mail[ed] in support of [their] appeal." On September 6, 2011, the Board denied the motion as "both time and number barred." The Board held that the petitioners were not entitled to equitable tolling on the basis of ineffective assistance of counsel because they did not allege how counsel "rendered ineffective assistance, or whether and in what way the [petitioners] were prejudiced by his representation." The Board also held that the petitioners did not satisfy the exceptions to the filing limits because the evidence submitted with the motion "predates their hearing and does not therefore show a change in circumstances or country conditions." Additionally, the petitioners failed to explain how the evidence "advances their claim to asylum-related relief,

especially in light of the Immigration Judge's determination that the asserted harm does not have a nexus to a protected ground." The petitioners timely filed a petition for review.

"The [Board] has broad discretion to grant or deny a motion to reopen." *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009) (internal quotation marks and citation omitted). We review the Board's denial of a motion to reopen for an abuse of discretion. *Id.* "This Court will find an abuse of discretion if the denial of the motion to reopen was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* at 490 (internal quotation marks and citation omitted). Because the Board has broad discretion to grant or deny a motion to reopen, "a party seeking reopening or reconsideration bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (internal quotation marks and citation omitted).

Generally, a motion to reopen must "be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *see Bi Feng Liu*, 560 F.3d at 490. Section 1229a(c)(7)(C)(ii), however, provides an "exception to the general 90-day filing requirement." *Bi Feng Liu*, 560 F.3d at 490. To meet the exception, the motion to reopen must be related to an asylum application and must be "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see Bi Feng Liu*, 560 F.3d at 490.

The evidence that the petitioners submitted with their motion did not show a change in the conditions in El Salvador. Instead, the documents related to the incidents about which Miguel testified during the merits hearing. Additionally, the petitioners do not assert that the documents establish any connection between the incidents in El Salvador and a protected ground. Thus, the Board did not abuse its discretion in denying their motion to reopen based on a failure to meet the

exception to the ninety-day filing requirement. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see Bi Feng Liu*, 560 F.3d at 490.

Nor did the Board abuse its discretion in denying the motion based on its determination that their ineffective assistance of counsel claim failed to warrant equitable tolling. We have "applied the doctrine of equitable tolling to otherwise time-barred motions to reopen," and equitable tolling may apply based on ineffective assistance of counsel. *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008). The government correctly argues that the petitioners waived any challenge to the Board's decision regarding their ineffective assistance claim because they failed to develop any argument regarding this issue. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

The petition for review is denied.