NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0077n.06

No. 12-3403

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

LISUNGU LISA KAMKONDO;                       )
WISDOM KAMKONDO, JR.,                         )
                                             )
    Petitioners,                            )
                                             )
v.                                           )
                                             )   ON PETITION FOR REVIEW
ERIC H. HOLDER, JR., Attorney General,       )   FROM THE UNITED STATES
                                             )   BOARD OF IMMIGRATION
    Respondent.                             )   APPEALS
                                             )

FILED
Jan 28, 2014
DEBORAH S. HUNT, Clerk

BEFORE: SUHRHEINRICH, GIBBONS, and COOK, Circuit Judges.

PER CURIAM. Lisungu Lisa Kamkondo and her son Wisdom Kamkondo, Jr., who are natives and citizens of Malawi, petition this court for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their motion to reopen removal proceedings. We deny the petition for review.

Lisungu Lisa Kamkondo, along with her husband and four children, entered the United States in 1996 as a nonimmigrant spouse of an exchange visitor with authorization to remain until 2002. On January 9, 2006, Kamkondo filed an asylum application, which was referred to an immigration judge (IJ). The Department of Homeland Security subsequently served Kamkondo with a notice to appear, charging her with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as an alien remaining in the United States for a time longer than permitted. Kamkondo filed a renewed application for asylum and also applied for withholding of removal and protection under the Convention Against Torture (CAT), asserting her fear that her family would be stigmatized in Malawi because of her

husband's death from AIDS in March 2006. Kamkondo included her son Wisdom in her applications. At a hearing on March 11, 2008, the Kamkondos withdrew their applications and accepted a final order of voluntary departure.

Kamkondo and her son overstayed the voluntary departure period. On November 30, 2009, they filed an emergency motion to reopen removal proceedings and for a stay of removal to allow them to apply for asylum, withholding of removal, and CAT protection on the basis that they will be persecuted in Malawi because Kamkondo is HIV-positive, which she learned in July 2008. The Kamkondos asserted that HIV-positive individuals in Malawi receive ineffective treatment and are subject to severe societal discrimination. Denying the motion, the IJ determined that the motion to reopen was untimely because it was not filed within ninety days of the final order of removal and that the Kamkondos failed to demonstrate changed country conditions in Malawi, rather than an unfortunate change in personal circumstances, to fall within the exception to the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii). The IJ declined to equitably toll the deadline because Kamkondo lacked diligence given the sixteen-month delay in filing the motion after her diagnosis. Kamkondo and her son timely appealed the IJ's decision despite their removal to Malawi. Dismissing the appeal, the BIA agreed with the IJ that the Kamkondos failed to demonstrate changed country conditions to excuse the late filing of the motion to reopen and that they failed to establish due diligence to warrant equitable tolling of the deadline.

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We also review the IJ's decision to the extent that the BIA adopted the IJ's reasoning. *Id*. "We review the denial of a motion to reopen under the abuse-of-discretion standard." *Acquaah*

*v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). Because of the broad discretion to grant or deny a motion to reopen, a party who seeks reopening "bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (internal quotation marks omitted). "An abuse of discretion exists where the denial 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Acquaah*, 589 F.3d at 334 (quoting *Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009)).

Kamkondo and her son contend that the BIA abused its discretion in failing to address their argument that the motion to reopen was delayed because Kamkondo was unaware of her right to file one. The IJ determined that Kamkondo's ignorance of reopening was insufficient to excuse her lack of due diligence. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). In upholding the IJ's determination that the Kamkondos failed to establish due diligence to warrant equitable tolling, the BIA did not address this specific argument, but was not required to do so. *See Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011) ("[T]he BIA is not required to parse or refute on the record every individual argument or document offered by the petitioner." (internal quotation marks omitted)). The Kamkondos' prior applications reflected their awareness that the mistreatment of persons with HIV/AIDS in Malawi could be a possible basis for relief from removal. Kamkondo failed to provide any information about her efforts to inquire about her immigration status after her HIV diagnosis or even when she first learned that she could file a motion to reopen. Therefore, we hold that the BIA did not abuse its discretion in declining to equitably toll the time period for Kamkondo to file a motion to reopen. *See Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008).

Next, Kamkondo and her son argue that the BIA abused its discretion by providing an irrelevant response to their argument that the State Department first acknowledged discrimination in the public sector against persons with HIV in its 2008 Human Rights Report for Malawi, which they contend establishes changed country conditions. Contrary to the Kamkondos' argument, a prior State Department report reflected widespread discrimination against persons with HIV/AIDS in Malawi. (A.R. 248). In its decision, the BIA noted that Kamkondo described the same country conditions in her earlier 2007 asylum application. In fact, the 2008 report cited by the Kamkondos indicated some improvement in conditions. (A.R. 127) ("Societal discrimination against persons living with HIV/AIDS was widespread and inhibited access to treatment; many individuals preferred to keep silent about their health rather than seek help and risk being ostracized, but campaigns by the government and NGOs to combat the stigma were having some success.").

Because we discern no abuse of discretion in the denial of the Kamkondos' untimely motion to reopen removal proceedings, we deny the petition for review.