NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0463n.06

No. 19-4116

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Aug 05, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| HAOCHUN SUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GIBBONS, and BUSH, Circuit Judges.

PER CURIAM. Haochun Sun petitions this court for review of an order of the Board of Immigration Appeals (BIA) summarily affirming the denial of his untimely motion to reopen an in absentia removal order. As set forth below, we **DISMISS** the petition for review.

Sun, a native and citizen of China, entered the United States with a J-1 exchange visitor visa in August 2010. After his visa expired in May 2011, Sun filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, asserting that he was persecuted by the Chinese government because he is a Christian. An asylum officer interviewed Sun and referred his application to the immigration court. The Department of Homeland Security served Sun with a notice to appear in removal proceedings, charging him with remaining in the United States for a time longer than permitted by his visa. *See* 8 U.S.C. § 1227(a)(1)(B). Before the immigration court, Sun admitted the factual allegations contained in the notice to appear and conceded removability as charged.

Sun's counsel subsequently filed a motion to change venue to the immigration court in Memphis, Tennessee, based on Sun's change of address from San Francisco, California, to Conway, Arkansas. The motion was granted, and Sun appeared before the immigration court in Memphis for a hearing on May 29, 2014. At that hearing, the immigration judge (IJ) scheduled an individual hearing for May 11, 2016, and Sun was personally served with a copy of the hearing notice.

On March 7, 2016, Sun's counsel filed a motion to withdraw, asserting that, despite multiple attempts to contact Sun, counsel had not received any response from Sun since the hearing on May 29, 2014. Counsel attached a letter sent to Sun's address in Conway, Arkansas, advising him of his hearing scheduled for May 11, 2016, warning him of the consequences of failing to appear, and enclosing a copy of the hearing notice. The IJ granted counsel's motion to withdraw and mailed a copy of the hearing notice to Sun's address in Conway, Arkansas. The immigration court subsequently received a handwritten note stating: "The person Sun Haochun is no longer liv[ing] here and there is no way for me to pass the letter to him." Sun failed to appear for the hearing on May 11, 2016, and the IJ ordered his removal in absentia. A month later, the immigration court received a change of address form, purportedly signed and mailed on March 15, 2016, indicating that Sun had moved from Conway, Arkansas, to Westerville, Ohio.

On August 3, 2018, more than two years after the in absentia removal order, Sun filed a motion asking the IJ to exercise her sua sponte authority to reopen his case and rescind the removal order. *See* 8 C.F.R. § 1003.23(b)(1). In a statement attached to his motion to reopen, Sun asserted that, after he learned that his attorney had withdrawn from his case, he found a law firm in Monterey Park, California, and met with a contact person named "Ms. Xiao," who said that she could help him transfer his case from Memphis to Ohio. When Sun received a copy of the notice for the May 11, 2016, hearing at his address in Conway, Arkansas, he contacted Ms. Xiao, who

told him that he did not need to appear at the hearing because his case was in the process of a change in venue. According to Sun, he often called Ms. Xiao about the status of his case, and she told him to wait patiently. Sun asserted that he learned about the in absentia removal order when his application to renew his employment authorization was denied around Christmas 2017. Sun contacted Ms. Xiao, and she said that she would help him with the removal order. After six months, Sun retained another attorney, who filed the motion to reopen.

The IJ denied Sun's motion to reopen as barred by the 180-day deadline for filing a motion to reopen an in absentia removal order and denied his request to reopen his case sua sponte. Sun appealed. The BIA summarily affirmed the IJ's decision, which became the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

In support of his petition for review, Sun argues that he warrants equitable tolling of the 180-day deadline for filing a motion to reopen because he exercised due diligence in pursuing his rights. Sun further asserts that, if equitable tolling is warranted, he has demonstrated exceptional circumstances to merit reopening of his case because he was defrauded by Ms. Xiao and because there is no evidence that he was warned about the consequences of failing to appear through a Mandarin interpreter at the master calendar hearing.

Sun concedes that we lack jurisdiction to review the denial of his request to reopen his case sua sponte. *See Barry v. Mukasey*, 524 F.3d 721, 723-24 (6th Cir. 2008). Nevertheless, Sun argues that he has otherwise shown extraordinary circumstances to warrant a reopening of his case. We lack jurisdiction over those claims as well. An in absentia removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The deadline for filing a motion to reopen is subject to equitable tolling. *Harchenko v. INS*, 379 F.3d 405, 409-10 (6th Cir. 2004). An alien seeking equitable tolling of the

filing deadline must show due diligence in pursuing his "rights to file a motion to reopen or otherwise determine [his] immigration status." *Barry*, 524 F.3d at 725.

According to the government, we lack jurisdiction to review Sun's unexhausted claim that the 180-day filing deadline should be equitably tolled. "[F]ederal courts are without jurisdiction to hear an immigration appeal when administrative remedies have not been exhausted." *Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1) (allowing judicial review "only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). Under § 1252(d)(1)'s exhaustion requirement, "only claims properly presented to the BIA and considered on their merits can be reviewed." *Id.* at 560; *see Hasan v. Ashcroft*, 397 F.3d 417, 420 (6th Cir. 2005) (noting that "even if an issue is raised by the alien in his notice of appeal to the BIA, we will consider it waived if it is not argued in the brief filed with the BIA"). In his motion to reopen, filed more than two years after the in absentia removal order, Sun did not request that the BIA equitably toll the 180-day filing deadline. Nor did Sun assert to the BIA that he exercised due diligence in seeking to reopen the in absentia removal order. Instead, Sun asked the IJ to exercise her sua sponte authority to reopen his case and rescind the removal order. Because Sun failed to present his equitable tolling argument to the agency, we lack jurisdiction to consider the issue.

Accordingly, we **DISMISS** Sun's petition for lack of jurisdiction.