<u>NOT RECOMMENDED FOR PUBLICATION</u>
File Name: 20a0546n.06

No. 19-4203

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Sep 22, 2020
DEBORAH S. HUNT, Clerk

JOSE ALFREDO ESPARZA-ESPINO,              )
                                          )
         Petitioner,                      )
                                          )   ON PETITION FOR REVIEW
v.                                        )   FROM THE UNITED STATES
                                          )   BOARD OF IMMIGRATION
WILLIAM P. BARR, Attorney General,        )   APPEALS
                                          )
         Respondent.                      )
                                          )

BEFORE: McKEAGUE, GRIFFIN, and BUSH, Circuit Judges.

PER CURIAM. Jose Alfredo Esparza-Espino petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. As set forth below, we **DENY** the petition for review.

Esparza-Espino, a native and citizen of Mexico, first entered the United States without inspection in 1999. On May 25, 2012, the Department of Homeland Security (DHS) served Esparza-Espino with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). The immigration court sent Esparza-Espino a hearing notice on June 13, 2012. Appearing before an immigration judge (IJ), Esparza-Espino admitted the factual allegations set forth in the notice to appear and conceded removability as charged.

Esparza-Espino then filed an application for cancellation of removal, asserting that his removal would result in exceptional and extremely unusual hardship to his United States citizen

child. *See* 8 U.S.C. § 1229b(b)(1). At the hearing on his application, the DHS disputed only one of the requirements for cancellation of removal: Esparza-Espino's physical presence in the United States for a continuous period of not less than ten years. *See id.* § 1229b(b)(1)(A). Esparza-Espino testified that he went to Mexico in December 2005 and again in January 2007 but could not recall specifically how long he stayed in Mexico or when he returned to the United States. Denying Esparza-Espino's application, the IJ concluded that he had failed to prove that either departure from the United States was for ninety days or less. *See id.* § 1229b(d)(2). The BIA dismissed Esparza-Espino's appeal, agreeing with the IJ that he had failed to meet his burden to establish ten years of continuous physical presence in the United States and in particular had failed to meet his burden to show that his departures from the United States lasted ninety days or less. This court dismissed Esparza-Espino's subsequent petition for review for want of prosecution. *Esparza-Espino v. Sessions*, No. 17-3606 (6th Cir. Jan. 16, 2018) (order).

Well over a year after the final administrative order of removal, Esparza-Espino filed a motion with the BIA to reopen his removal proceedings. Esparza-Espino sought termination of the proceedings for lack of jurisdiction based on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), asserting that the notice to appear issued to him did not include the date and time of his initial hearing. If the BIA did not terminate the proceedings, Esparza-Espino argued, his application for cancellation of removal should be approved because the putative notice to appear did not trigger the "stop-time rule" ending the period of continuous physical presence, *see* 8 U.S.C. § 1229b(d)(1)(A), and he had not left the United States for the last ten years. In the alternative, Esparza-Espino asserted that he had previously unavailable, material evidence to prove that his departures from the United States did not exceed ninety days. Citing the change

in law established by *Pereira*, Esparza-Espino sought equitable tolling of the deadline for filing his motion to reopen and made an alternative request for sua sponte reopening of the proceedings.

The BIA denied Esparza-Espino's motion to reopen. Assuming without deciding that equitable tolling applied, the BIA concluded that Esparza-Espino's period of continuous physical presence did not end on May 25, 2012, when the DHS served him with the notice to appear, but ended on June 13, 2012, when the immigration court served him with the notice of hearing containing the date and time of his initial hearing. *See Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (B.I.A. 2019) (en banc). The BIA observed that Esparza-Espino did not "cogently argue" that this different date would change the outcome of his case. The BIA went on to determine that Esparza-Espino's new evidence failed to show that his December 2005 departure was for a period of ninety days or less and that he therefore would not be eligible for cancellation of removal in reopened proceedings. Finally, the BIA found that Esparza-Espino had failed to establish exceptional circumstances to warrant sua sponte reopening of the proceedings.

This timely petition for review followed. We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *Trujillo Diaz v. Sessions*, 880 F.3d 244, 248 (6th Cir. 2018). The BIA "abuses its discretion only when its determination was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019) (quoting *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010)).

In support of his petition for review, Esparza-Espino argues that his new evidence established his eligibility for cancellation of removal—that is, his ten years of continuous physical presence in the United States. To be eligible for cancellation of removal, an alien must show, among other requirements, that the alien "has been physically present in the United States for a

continuous period of not less than 10 years immediately preceding the date of [the alien's] application." 8 U.S.C. § 1229b(b)(1)(A). "An alien shall be considered to have failed to maintain continuous physical presence in the United States . . . if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." *Id.* § 1229b(d)(2). We review the factual determination that an alien has failed to demonstrate the ten years of continuous physical presence for substantial evidence, reversing only if "the evidence not only supports a contrary conclusion, but indeed *compels* it." *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 705 (6th Cir. 2005) (quoting *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992)); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

In denying Esparza-Espino's motion to reopen, the BIA concluded that his new evidence failed to establish that his departure from the United States in December 2005 was for a period of ninety days or less and that he therefore would not be eligible for cancellation of removal in reopened proceedings. At the hearing on his application for cancellation of removal, Esparza-Espino testified that he left the United States in December 2005 to spend Christmas with his family in Mexico. Esparza-Espino testified that he returned to the United States in 2006 but could not recall the month. In support of his motion to reopen, Esparza-Espino presented his daughter's foreign tourist form showing entry into Mexico on December 2, 2005, and his earnings statement from Kralis Brothers Foods listing a hire date of April 1, 2006. Esparza-Espino also submitted his own affidavit stating that he did not remember the specific date but that he returned to the United States by the end of February 2006. According to a psychological assessment submitted by Esparza-Espino, he told the psychologist that he returned to the United States a few weeks before

his wife and daughter and recalled returning in late February 2006, "as approximately a month passed before he found and began his new employment at Kralis Brothers."

The record does not compel the conclusion that Esparza-Espino established that his departure from the United States in December 2005 was for a period of ninety days or less. The foreign tourist form substantiated a departure date of December 2, 2005. The first corroborative evidence of Esparza-Espino's presence in the United States following that departure date was the earnings statement listing his hire date as April 1, 2006. This substantial record evidence demonstrated a departure period in excess of ninety days. Esparza-Espino's vague assertions that he returned by the end of February 2006, without any corroboration of his presence in the United States until April 1, 2006, are "insufficient to command reversal." *Gomez v. Sessions*, 731 F. App'x 501, 505 (6th Cir. 2018).

To the extent that Esparza-Espino challenges the BIA's denial of his request to reopen his removal proceedings sua sponte, we lack jurisdiction to review that decision. "[T]he BIA's exercise of its *sua sponte* authority 'is committed to its unfettered discretion and therefore is not subject to judicial review.'" *Rais v. Holder*, 768 F.3d 453, 463 (6th Cir. 2014) (quoting *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008)) (cleaned up).

Esparza-Espino has failed to demonstrate that the BIA abused its discretion in denying his motion to reopen. Accordingly, we **DENY** Esparza-Espino's petition for review.