NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0164n.06

No. 24-3798

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 26, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| ENRIQUE PEREZ-RODRIGUEZ, | ) | |
| Petitioner, | ) ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| | ) | |
| PAMELA BONDI, Attorney General, | ) | |
| Respondent. | ) ) | OPINION |
| | ) | |

Before: SUHRHEINRICH, MOORE, and NALBANDIAN, Circuit Judges.

SUHRHEINRICH, Circuit Judge: Enrique Perez-Rodriguez ("Petitioner") seeks review after the Board of Immigration Appeals ("Board") denied his untimely motion to reopen. Because the Board did not abuse its discretion, we deny the petition.

**I.**

Petitioner, a native and citizen of Guatemala, entered the United States without inspection in 2014, and was charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner conceded removability and applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the regulations implementing the Convention Against Torture ("CAT") based on his membership in a particular social group. On October 8, 2019, the immigration judge held a hearing and issued an oral decision, finding Petitioner removable as charged and denied his requests for asylum, withholding, and protection under the CAT.

Petitioner appealed to the Board. The Board dismissed the appeal on February 26, 2021. Petitioner filed a petition for review of the Board's decision in a timely manner, on March 24, 2021. *See Perez-Rodriguez v. Garland*, No. 21-3285; 8 U.S.C. §1252(b)(1). But he failed to file an Opening Brief within the allotted time, so we dismissed the petition for failure to prosecute on November 1, 2021.

Meanwhile on April 29, 2021, the Supreme Court issued *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which reiterated the Court's ruling in *Pereira v. Sessions*, 585 U.S. 198 (2018), that a notice to appear missing the time or place of a removal hearing "is not a 'notice to appear under [8 U.S.C. §] 1229(a)'" for purposes of triggering the "stop-time rule" set forth in § 1229b(d)(1)(A), which measures a nonpermanent resident's continuous physical presence in the United States to determine whether he qualifies for cancellation of removal. *Pereira¸* 585 U.S. at 202; 8 U.S.C. § 1229b(b)(1)(A) (requiring ten years of continuous presence in the United States). Under § 1229b(d)(1)(A), continuous presence ends when the noncitizen is served a notice to appear under § 1229a. *Pereira*, 585 U.S. at 201. A proper notice to appear sufficient to trigger the stop-time rule must include the time and place of the initial hearing. *Id.* at 202; *see also* 8 U.S.C. § 1229(a)(1)(G)(i) and 8 C.F.R. § 1003.14(a).

Petitioner filed a motion to reopen before the Board, arguing that the immigration judge lacked jurisdiction[1] because Petitioner's original Notice to Appear ("NTA") dated May 18, 2014, omitted the time and date of his removal hearing. But he didn't file the motion to reopen until September 11, 2023, which was two and one-half years after the Board's final order of removal and more than a year after we had dismissed Petitioner's first petition for review.

---

[1] Petitioner rightly does not pursue this issue on appeal. *See Ramos Rafael v. Garland*, 15 F.4th 797, 800–01 (6th Cir. 2021) (holding that *Pereira* and *Niz-Chavez* do not address an immigration court's jurisdiction).

As relevant here, Petitioner also contended that *Niz-Chavez* established that his initial NTA in 2014 did not stop the time clock measuring his continuous presence in the United States for purposes of voluntary departure, which requires that an alien be physically present in the United States for at least one year before receiving a notice to appear. *See* 8 U.S.C. § 1229c(b)(1)(A). Finally, Petitioner asserted that equitable tolling was warranted.

The Board denied the petition. Before us, Petitioner contends that the Board abused its discretion in denying his motion to reopen because he is (1) eligible for voluntary departure due to a change in the law and (2) a suitable candidate for equitable tolling. Petitioner also moves to stay removal proceedings pending our resolution of his petition.

**II.**

We have jurisdiction over a petition for review of the Board's denial of a motion to reopen. 8 U.S.C. § 1252(a)(1); *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 226 (2020).

"A motion to reopen is a form of procedural relief that asks the Board to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (internal quotation marks omitted). Said motion must be filed within 90 days of the final administrative decision at issue. 8 C.F.R. § 1003.2(c)(2). The Board "retains broad discretion to grant or deny" a motion to reopen, *Alizoti v. Gonzalez*, 477 F.3d 448, 451 (6th Cir. 2007), and we review for abuse of discretion. *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019). The Board abuses its discretion if its decision lacks a rational explanation, departs from established policies, or rests on an impermissible basis like invidious discrimination. *Lopez v. Garland*, 990 F.3d 1000, 1002 (6th Cir. 2021).

As the Board held, Petitioner's motion to reopen missed the deadline by a long shot. The Board entered its final order of removal on February 26, 2021. Petitioner's motion was therefore

due by May 27, 2021. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But he didn't file it until September 11, 2023.

To get around the timely filing requirement, Petitioner argues that the Board abused its discretion when it refused to toll the motion because the *Pereira/Niz-Chavez* precedent provided an exceptional circumstance that justified equitable relief. For that to happen, Petitioner had to establish that he diligently pursued his rights yet was impeded by extraordinary circumstances. *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008) (articulating five factors generally used to determine equitable tolling, including due diligence). But, as the Board not unreasonably concluded, Petitioner was not diligent because *Niz-Chavez* was decided "about two months after the Board's final administrative decision" and "more than two years" before he filed the motion to reopen. Petitioner contends that he in fact took timely action—he appealed the immigration judge's decision to the Board and filed a petition for review with this court. But, as the Board noted, Petitioner's "due diligence in pursuing a petition for review does not show due diligence in filing a motion to reopen," and Petitioner never explained "why he could not pursue both matters" at the same time. This is a rational observation. *See*, *e.g.*, *Barry*, 524 F.3d at 725 (holding that the Board did not abuse its discretion in denying a motion to reopen where the petitioner failed to inquire about her immigration status for over a year despite knowing that the Board had dismissed her case, and, then waiting another three months after learning of the need to file a motion to reopen); *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 424 (6th Cir. 2007) (holding that the petitioner failed to exercise due diligence because she waited fifteen months after discovering former counsel's deficient performance before filing a motion to reopen).

Petitioner now asserts that he needed the two years "to develop his new argument based on the Supreme Court's drastic change to existing law and the interpretations that followed that

decision." Pet'r's Br. at 9. But he did not advance this argument in his motion to reopen and therefore did not exhaust it. 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland,* 598 U.S. 411, 417–23 (2023); *Mazariegos-Rodas v. Garland*, 122 F.4th 655, 664 (6th Cir. 2024). Furthermore, his brief before this court does not explain what efforts were made to develop the new argument or cite (let alone discuss) the lower courts' "interpretations that followed" *Niz-Chavez.* Pet'r Br. at 9.[2] Thus, even if the exhaustion problem was excused, Petitioner falls far short of establishing that the Board's refusal to set aside his motion to reopen was flawed. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (holding that "[c]ounsel's unsupported assertions in respondent's brief" did not satisfy the conditions for the requested relief); *Porter v. Bondi*, 127 F.4th 993, 999 (6th Cir. 2025) (undeveloped arguments are considered forfeited). Because Petitioner has not shown diligence, he is not entitled to equitable tolling. *See Barry*, 524 F.3d at 726 (failing to show due diligence is a standalone reason to deny equitable tolling); *Reyes-Rodriguez v. Garland*, No. 23-3548, 2024 WL 1574673, at *2 (6th Cir. Apr. 11, 2024) (same).

## III.

For the foregoing reasons, we deny the petition for review. Having concluded that the petition for review lacks merit, we also deny the motion for a stay of removal.

---

[2] In any event, *Niz-Chavez* "did not change the law" but "simply explained what [the stop-time rule] had meant all along." *Santizo-Soto v. Garland*, No. 23-3468, 2024 WL 4512534, at *2 (Oct. 17, 2024).