RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0259p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MIGUEL ANGEL GUZMAN-TORRALVA,

                                    *Petitioner*,

    *v.*

PAMELA BONDI, Attorney General,

                                   *Respondent*.

No. 24-4030

─────────────────

On Petition for Review from the Board of Immigration Appeals;
No. A 206 405 524

Decided and Filed: September 17, 2025

Before: GILMAN, KETHLEDGE, and LARSEN, Circuit Judges.

─────────────────

## COUNSEL

─────────────────

**ON BRIEF:** Cesar Martin Estela, Newark, New Jersey, for Petitioner. Joseph D. Hardy, Anthony C. Payne, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

## OPINION

─────────────────

LARSEN, Circuit Judge. Miguel Angel Guzman-Torralva was ordered removed from the country *in absentia*. For the second time, he seeks to reopen the proceedings. Because he still doesn't meet the requirements for reopening, we DENY his petition in part. And because we lack jurisdiction over one of his claims, we DISMISS his petition in part.

I.

Miguel Angel Guzman-Torralva, a Mexican citizen, entered the United States illegally in 2005.  In 2018, the Department of Homeland Security initiated removal proceedings against him and served him with a Notice to Appear (NTA) for a hearing on a date and at a time "to be set." AR 123, Notice to Appear.

Soon after, he was served with another notice, setting a hearing for November 2018. Guzman-Torralva retained counsel, who represented him at this hearing.  After the hearing, counsel was served with a notice for Guzman-Torralva's next hearing.  This notice identified the hearing's date, time, and location and warned that failure to appear, except for exceptional circumstances, could result in an *in absentia* removal order.  Neither Guzman-Torralva nor any attorney representing him appeared at the hearing.  Consequently, Guzman-Torralva was ordered removed from the country *in absentia*.

Guzman-Torralva later moved to reopen the removal proceedings, alleging ineffective assistance of counsel.  An immigration judge, the Board of Immigration Appeals, and this court all denied relief.  *See Guzman-Torralva v. Garland*, 22 F.4th 617 (6th Cir. 2022).

While Guzman-Torralva's appeal to this court was still pending, he again moved, in November 2021, to reopen his removal proceedings.  His second motion alleged that he did not receive a proper NTA, thus warranting reopening of his proceedings and rescission of his removal order.  In the alternative, Guzman-Torralva argued that his proceedings should be reopened so that he could apply for cancellation of removal because intervening authority, *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), established that his defective NTA did not trigger the stop-time rule.  Finally, Guzman-Torralva asked the Board to reopen his proceedings *sua sponte.* The Board again denied relief, finding him ineligible for either rescission of the *in absentia* removal order or for cancellation of removal.  Furthermore, the Board declined to exercise its *sua sponte* authority.  Guzman-Torralva now petitions for review.

II.

We review the Board's denial of a motion to reopen under the abuse-of-discretion standard.  *Thompson v. Lynch*, 788 F.3d 638, 642 (6th Cir. 2015).  The Board abuses its discretion when it denies a motion "without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group."  *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982) (per curiam)).  We review legal determinations de novo.  *See Zhang v. Mukasey*, 543 F.3d 851, 856 (6th Cir. 2008).

*Rescission.*  Guzman-Torralva first argues that the *in absentia* removal order should be rescinded under 8 U.S.C. § 1229a(b)(5) because he received a deficient NTA.  In the absence of proper notice, an alien may file a motion to reopen and seek rescission of an *in absentia* removal order.  8 U.S.C. § 1229a(b)(5)(C)(ii).  To do so, the alien must demonstrate that he did not receive notice in accordance with *either* paragraph (1) *or* (2) of § 1229(a).  *Id.*; *Campos-Chaves v. Garland*, 602 U.S. 447, 450 (2024).  Specifically, he must show that he lacked proper notice—under either paragraph—for the hearing he missed and at which he was ordered removed.  *Campos-Chaves*, 602 U.S. at 450.

Guzman-Torralva did not receive proper notice under paragraph (1) because his NTA did not specify the "time and place at which the proceedings will be held."  8 U.S.C. § 1229(a)(1), (a)(1)(G)(i); *Campos-Chaves*, 602 U.S. at 461.  But he did receive proper notice under paragraph (2), which provides that "in the case of any change or postponement," the alien shall be given a "written notice" that must specify "the new time or place of the proceedings" and the consequences for failing to attend.  8 U.S.C. § 1229(a)(2)(A)(i)–(ii).  A proper paragraph (2) notice, like the one Guzman-Torralva received, supersedes a deficient NTA.  *Campos-Chaves*, 602 U.S. at 459, 463.  As a result, Guzman-Torralva received notice "within the meaning of § 1229a(b)(5)(C)(ii)" and is not eligible for recission of a removal order.  *Id.* at 462.

Guzman-Torralva does not deny that he received subsequent notice or that it complied with paragraph (2).  Rather, he maintains that, under other Supreme Court and Fifth Circuit precedent, his faulty NTA warrants rescission.  *See Pereira v. Sessions*, 585 U.S. 198 (2018);

*Niz-Chavez*, 593 U.S. 155; *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021). His reliance on these cases is misplaced. As the Supreme Court has made clear, *Pereira* and *Niz-Chavez* did not squarely address paragraph (2) notices and rescission under § 1229a(b)(5)(C)(ii). *See Campos-Chaves*, 602 U.S. at 464 ("To the extent *Pereira* discussed paragraph (2), its language was mere dicta."); *see also id.* at 464 n.1 ("The aliens' invocation of [*Niz-Chavez*] fares no better." (citation omitted)). As for the Fifth Circuit's ruling in *Rodriguez*, it is not precedential in this court; and in any event, *Campos-Chaves* abrogated it. *See Luna v. Garland*, 123 F.4th 775, 779 (5th Cir. 2024) ("The Supreme Court recently clarified that our holding in *Rodriguez* was incorrect.").

Guzman-Torralva argues that *Campos-Chaves* does not apply here because the facts differ from the consolidated cases in *Campos-Chaves*. This too fails. All of the "key details" of *Campos-Chaves*'s consolidated cases exist here: (1) the government provided a deficient NTA; (2) the government provided a subsequent notice "specifying the time and place of the removal hearing"; (3) the alien missed this hearing; (4) the alien was ordered removed *in absentia* at the missed hearing; and (5) the alien sought rescission under § 1229a(b)(5)(C)(ii). *Campos-Chaves*, 602 U.S. at 452. In sum, Guzman-Torralva is not eligible for rescission under § 1229a(b)(5)(C)(ii).

*Cancellation.* Guzman-Torralva next challenges the Board's decision to deny his motion to reopen so that he might pursue cancellation of removal. *See* 8 U.S.C. § 1229a(c)(7). The Board offered three reasons for the denial: his motion was untimely, it was number-barred, and Guzman-Torralva failed to show prima facie eligibility for cancellation of removal. We need not address the Board's first two grounds because Guzman-Torralva has failed to adequately challenge the third, which alone is dispositive. *See Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986).

Guzman-Torralva offers one sentence declaring that he "has sufficiently shown his *prima facie* eligibility for cancellation of removal." Pet. Br. at 21. But he offers no support for that proposition. He recounts the Board's reasons for concluding that he has not shown prima facie eligibility, but he points to no error, and he fails to explain how he showed his prima facie eligibility. Because Guzman-Torralva raises this argument only "in a perfunctory manner" and

makes no "effort at developed argumentation," we deem the argument forfeited. *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (citation omitted). Guzman-Torralva is therefore not entitled to cancellation of removal.

*Sua Sponte Reopening.* We lack jurisdiction to review Guzman-Torralva's final contention: that *sua sponte* reopening is warranted here. The Board possesses "unfettered discretion" to decide whether to exercise *sua sponte* authority. *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (citation omitted); *see* 8 C.F.R. § 1003.2(a). And its decision is not subject to judicial review. *Barry*, 524 F.3d at 723; *see also Cuevas-Nuno v. Barr*, 969 F.3d 331, 335 (6th Cir. 2020) ("It's well settled that we lack jurisdiction to review a [Board] decision declining to exercise its discretionary authority to sua sponte reopen a removal order."). Thus, we dismiss this claim.

\* \* \*

We DENY the petition in part and DISMISS the petition in part.